THOMAS CONROY *against* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK.

(Decided June 5th, 1876.)

Where the plaintiff, who was a person who was not acquainted with any foreign language, and incompetent to perform the duties of an interpreter, was appointed by the justice of one of the District Courts in the city of New York (under L. 1866, ch. 745, giving him power "to appoint an officer" to "be known and designated as District Court interpreter"), as interpreter of that court, but the plaintiff, during the term of his appointment, never performed any services as interpreter : *Held*, that the plaintiff, by accepting the position of interpreter, when he understood no foreign language, and could not interpret at all, stood convicted of a fraud upon the appointing power and the public, or upon the public alone, and was not entitled to recover the salary attached by the statute to the position of interpreter.

APPEAL by defendant from a judgment in favor of the plaintiff, for $3,117 84, directed by Judge VAN BRUNT at trial term on the pleadings.

Conroy v. The Mayor, Aldermen and Commonalty of the City of New York.

The facts are fully stated in the opinion.

*A. J. Requier*, for appellant.

*Elliott Sandford*, for respondent.

JOSEPH F. DALY, J.—The action was for salary of plaintiff as interpreter in the 2d district civil court of the city of New York, at the rate of $1,200 per annum, from September 1st, 1871, to January 1st, 1874. The recovery was for the full amount claimed and interest. The complaint sets out the incorporation of the defendant, the appointment of plaintiff as interpreter of the said court, on May 1st, 1871, by Mr. Justice Kivlen, the justice of that court, pursuant to the act (Laws of 1866, ch. 745); that he entered upon the performance of the duties required to be performed by him as such interpreter, and continued to perform the same until removed on December 31st, 1873; that his name was placed on the proper pay-roll, and a certificate in due form transmitted each month, to the comptroller, who has neglected to pay him from September 1st, 1871; also, that his claim has been duly presented to the comptroller, as required by law.

The answer denies " that the plaintiff ever performed any duty or service as interpreter at the place or the days and times in the complaint mentioned;" and avers, on information and belief, that " the plaintiff is unacquainted with any foreign language, and at the days and times mentioned in the complaint, was incompetent to perform the duties of an interpreter."

The act above referred to is as follows: " The several justices of the District Courts in the city of New York, are hereby authorized and empowered to appoint an officer for each District Court in said city, who shall be known and designated as District Court interpreter, and who shall hold office during the pleasure of the justice of the court to which he is appointed." * * * " The interpreters of the several District Courts in the city of New York * * * shall each receive an annual compensation of twelve hundred dollars." The act was passed April 21, 1866, to take effect immediately.

The appointment of fit persons as interpreters, was in the discretion of the justices of the courts, and for any abuse of the power conferred upon them, they are responsible, and I am fully satisfied that beyond a certain point, the fitness of the appointee cannot be questioned in an action for the salary fixed by law.

There is in effect, and can be no such office as interpreter. Any person called to interpret in an action depending before the justice, must be sworn, and is subject to all valid objections to his competency to interpret or translate, whether he be appointed under the act to attend the court as an " officer," or be an expert called by the court or offered by either party for the purpose. The official interpreter may be set aside and another expert called, if he be incompetent. He has no " duties " to perform, except to be present and ready and willing to act if called to interpret (*Rosenthal* v. *The Mayor*, *ante*, p. 167).

In the case of a person duly appointed to an office or public employment, the rule undoubtedly is that the fitness of the appointment cannot be questioned (if he satisfies the appointing authority) in an action for the compensation attached to the office or employment, if such person performs or is ready to perform the duties required of him in his position. But the present is the case of one alleged to be wholly incompetent. There is no attempt to prove that the plaintiff is unsuited or unfit for the position he held, except in the sense of his being at all times unable to perform its duties. By accepting the position of interpreter when, if he understood no foreign language, he could not interpret at all, he stands convicted of a *fraud*, either upon the officer who appointed him, and upon the public from whom he was to receive compensation, or upon the latter alone. The case admits of no qualification, and is free from any question or embarrassment upon that point. He is wholly incompetent to perform, or even to attempt to perform, any duty for the salary he draws. If his qualifications for the office were limited and unsatisfactory, that would be a question for the appointing power, and could not be raised in this action; but that is not the present case. Had the officer who appointed him knowledge of the fact that he knew no foreign language,

he would be bound to withhold the appointment, and would have no discretion. There would be no doubt that if the appointee were disqualified by law from holding the office, being an alien, or not a citizen of this State, or a minor (1 R. S. 116), or under a disqualifying sentence on conviction of crime, this might be set up against his recovery of salary or compensation in his action. To hold otherwise would be to countenance and favor a violation of law. In the same manner, to hold the plaintiff entitled to the compensation attached to the position or employment of interpreter when he is absolutely disqualified as an interpreter, would be to favor a fraud upon the people, the duties required of plaintiff being personal and he being incapable at all times of performing them. If the evidence showed facts amounting to such a fraud on plaintiff's part, and the pleadings in effect raised the question, he could not recover.

The judgment should be reversed, and a new trial ordered, costs to abide event.

CHARLES P. DALY, Ch. J., and VAN HOESEN, J., concurred.

Ordered accordingly.*

---

* The judgment of the court here was affirmed in the Court of Appeals.